IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

IN RE:   BLACKJEWEL LLC et al.,

        Debtors.

BLACKJEWEL LLC and
REVEALATION ENERGY, LLC,

        Plaintiffs,

v.                                                    MISCELLANEOUS CASE NO.   3:20-mc-0132
                                               BANKRUPTCY CASE NO.   19-bk-30289
LEXINGTON COAL COMPANY, LLC,         Adversary Proceeding No. 3:20-ap-3012

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant "Lexington Coal Company, LLC's Motion to Withdraw Reference to Bankruptcy Court Pursuant to 28 U.S.C. § 157(d) and (e), F.R.B.P. 5011, and Bankr. S.D. W.Va. R. 5011-1." ECF No. 1. Plaintiffs Blackjewel LLC and Revelation Energy, LLC oppose the motion. For the following reasons, the motion **IS DENIED**.

**I.
FACTUAL AND
PROCEDURAL BACKGROUND**

On July 1, 2019 and July 24, 2019, Plaintiffs and certain affiliated entities (collectively referred to as the Debtors) filed voluntary chapter 11 of title 11 bankruptcy petitions, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of West

Virginia.[1] On July 3, 2019, the United States Trustee for this District appointed the Official Committee of Unsecured Creditors (hereinafter the Committee), and on August 13, 2019, the Court approved counsel for the Committee. The bankruptcy court set a Proof of Claim deadline of November 4, 2019. Defendant Lexington did not file a Proof of Claim and did not otherwise submit to the equitable jurisdiction of the bankruptcy court. Defendant Lexington also asserts it has not sought any affirmative relief in the bankruptcy court, has not sought a distribution from the Debtors' estates, and has not exercised or claimed any right to a setoff.

At the time this motion was filed, the Honorable Frank Volk was serving as the Chief United States Bankruptcy Judge for this District. However, on October 17, 2019, he was commissioned as a District Judge, leaving a judicial vacancy in the bankruptcy court. As a result, the Honorable Thomas E. Johnston, Chief Judge of this District, entered a General Order withdrawing reference and assignment of all matters referred to the bankruptcy court and assigned them to Judge Volk, pending appointment of his successor. Thereafter, on May 22, 2020, the Honorable Roger L. Gregory, Chief Judge for the Fourth Circuit Court of Appeals, entered an Order assigning this bankruptcy case and all adversary proceedings to the Honorable Benjamin Kahn, Bankruptcy Judge for the United States Bankruptcy Court for the Middle District of North Carolina.

On July 1, 2020, Plaintiffs filed an Adversary Proceeding against Defendant Lexington. Plaintiffs state this case is one of three adversary complaints already filed to recover the assets of the estates, with more complaints imminent. In the Adversary Complaint at issue here,

---

[1] The bankruptcy cases are jointly administered as *In re Blackjewel, LLC et al.*, 19-bk-30289.

Plaintiffs contend that Jeffrey A. Hoops, Sr. was Blackjewel, LLC and Revelation Energy, LLC's President and Chief Executive Officer. Plaintiffs also assert Mr. Hoops had various titles and was involved in the operations of all Debtors, and he had interests in Defendant Lexington and other non-Debtor entities. According to Plaintiffs, these non-Debtor entities engaged in millions of dollars of related-party transactions with the Debtors prior to the bankruptcy filings. Plaintiffs contend these improper, complex, and interrelated dealings amongst the Debtors, non-Debtors, and Mr. Hoops and his family are central to the bankruptcy cases. Specifically, in the Adversary Complaint, Plaintiffs claim Mr. Hoops caused Plaintiffs and Defendant Lexington to enter into an Asset Purchase Agreement (APA) and a Permit Transfer Agreement (PTA) in March 2018. Plaintiffs allege the APA improperly transferred and diverted valuable assets from them to Defendant Lexington, but the exchange was not for equivalent value and Defendant Lexington failed to perform its obligations under the APA and PTA, that is, assume responsibility for approximately sixty mining permits and the associated environmental obligations. Plaintiffs assert the transfer of these obligations to Defendant Lexington is a key and ongoing issue in the bankruptcy court. Additionally, Plaintiffs state these same permits will be at issue in a matter brought before the bankruptcy court involving another transferee, Eagle Specialty Materials, LLC (ESM).

In the Adversary Complaint, Plaintiffs make the following claims: (1) Breach of Contract (Count I), (2) Unjust Enrichment (Count II), (3) Aiding and Abetting Breach of Fiduciary Duty (Count III), (4) To Avoid Constructively Fraudulent Transfers under 11 U.S.C. § 548 (Count IV), (5) To Avoid Constructively Fraudulent Transfers under 11 U.S.C. § 544 and the West Virginia Uniform Fraudulent Transfers Act (Count V), (6) To Recover Avoided Transfers under

11 U.S.C. § 550 (Count VI), (7) For Declaratory Relief Regarding Preservation of Avoided Transfers and Disallowance of Claims of Defendant Lexington (Count VII), and (8) For Equitable Subordination of Claims by Defendant Lexington (Count VIII). Chief Judge Gregory assigned the matter to Judge Kahn on July 8, 2020. On August 17, 2020, Defendant Lexington answered, raised affirmative defenses, and requested a jury trial. Defendant Lexington has not consented to the bankruptcy court holding the jury trial or to entering final orders or judgments. Defendant Lexington now seeks withdrawal of the reference to the bankruptcy court to allow the Adversary Proceeding to be litigated in this Court.

## II.
## DISCUSSION

Under the Bankruptcy Code contained within Title 11 of the United States Code, "[d]istrict courts have original and exclusive jurisdiction over 'all cases under title 11,' 28 U.S.C. § 1334(a), and original, though not exclusive, jurisdiction over 'all civil proceedings arising under title 11, or arising in or related to cases under title 11,' *id.* § 1334(b)." *In re Albertson*, 535 B.R. 662, 666-67 (S.D. W. Va. 2015). The Fourth Circuit has explained that "a civil case is related to bankruptcy if the outcome of [the civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *New Horizon of NY LLC v. Jacobs*, 231 F.3d 143, 151 (4th Cir. 2000) (internal quotation marks and citations omitted). Pursuant to 28 U.S.C. § 157(a), district courts may refer title 11 cases to the bankruptcy court.[2] When a case is referred, the bankruptcy court is given authority to enter orders and judgments on all core bankruptcy matters and to submit proposed findings and recommendations to this Court on all non-core matters. 28 U.S.C. § 157(b),

---

[2]Section 157(a) provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a).

(c).³ Although the underlying procedural history in this action is somewhat unique due to the judicial vacancy in this District's bankruptcy court, Judge Kahn ultimately was assigned to handle the bankruptcy case and all adversary proceedings.

Nevertheless, even after a reference to the bankruptcy court is made, this Court maintains discretion to "withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court], on its own motion or on timely motion of any party, *for cause shown*." 28 U.S.C. § 157(d), in part (emphasis added). It is the moving party's burden to show cause. *In re Albertson*, 535 B.R. at 667 (citation omitted). When a party establishes cause to withdraw a reference, it is referred to as a "permissive withdrawal." *Id*. (citation omitted).⁴

---

³Section 157(b)(1) states: "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. § 157(b)(1). Additionally, § 157(c) provides:

> (c)(1) A bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected.
>
> (2) Notwithstanding the provisions of paragraph (1) of this subsection, the district court, with the consent of all the parties to the proceeding, may refer a proceeding related to a case under title 11 to a bankruptcy judge to hear and determine and to enter appropriate orders and judgments, subject to review under section 158 of this title.

28 U.S.C. § 157(c).

⁴Withdrawal is mandatory in some contexts. *See* 28 U.S.C. § 157(d), in part ("The district court shall . . . withdraw a proceeding if the court determines that resolution of the proceeding

To determine whether cause is shown, this District routinely employs a six-factor test. *Lattea v. Vanderbilt Mortg. & Fin., Inc.*, Civ. Act. No. 3:19-0375, 2020 WL 103340, at *3 (S.D. W. Va. Jan. 8, 2020). These factors are: "'(1) whether the proceeding is core or non-core; (2) the uniform administration of bankruptcy law; (3) the promotion of judicial economy; (4) the efficient use of the parties' resources; (5) the reduction of forum shopping; and (6) the preservation of the right to a jury trial.'" *Id.* (quoting *In re Albertson*, 535 B.R. at 667). It is in light of these factors that the Court considers the present action *sub judice*.

### A.
### Core Proceedings

Deciding whether an action presents a core or non-core proceeding is "[t]he most important factor" for the Court to consider when ruling on a motion to withdraw a reference from the bankruptcy court. *In re Albertson*, 535 B.R. at 667 (citation omitted). A core proceeding is one that "'arise[s] under' title 11 or 'arise[s] in' a title 11 case." *Id.* (quoting 28 U.S.C. § 157(b)(1)-(2) (other citation omitted)). Often, as here, proceedings contain both questions of federal and state law, and it is not always clear whether an issue is core or non-core, "especially in cases where state-law claims are precipitated by the financial dealings of a bankrupt debtor." *Lattea*, 2020 WL 103340, at *4 (citing *In re O'Brien*, 414 B.R. 92, 98 (S.D. W. Va. 2009)). However, the mere fact state law may be implicated does not necessarily remove a proceeding beyond a bankruptcy court's jurisdiction. *Id.* (citation omitted). "The dispositive issue instead is the centrality of the proceedings to the bankruptcy case." *In re Albertson*, 535 B.R. at 667 (citation omitted).

---

requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.").

This Court has considered four factors in deciding whether a proceeding is core or non-core:

> (1) the claims are specifically identified as core proceedings under 28 U.S.C. § 157(b)(2); (2) the claims existed prior to the filing of the bankruptcy case; (3) the claims are based entirely on state law or otherwise existed independently from title 11; and (4) the parties' rights or obligations are significantly affected by the outcome of the bankruptcy proceedings.

*Id*. (citations omitted). Applying these criteria to the claims made in the Adversary Proceeding, the Court finds Counts IV brought under 11 U.S.C. § 548, Count V brought at least in part under 11 U.S.C. § 544, Count VI brought under 11 U.S.C. § 550, Count VII for Declaratory Relief Regarding Preservation of Avoided Transfers and Disallowance of Claims of Defendant Lexington, and Count VIII for Equitable Subordination of Claims by Defendant Lexington are all grounded in the bankruptcy code and squarely fall within the meaning of core proceedings.

Defendant Lexington insists that, because Count I for Breach of Contract, Count II for Unjust Enrichment, and Count III for Aiding and Abetting Breach of Fiduciary Duty are garden variety state law claims, the core/non-core factor weighs in its favor or, at the very least, is neutral. The Court disagrees. Even if the Court assumes, without deciding, that these three claims are non-core, the Court easily finds the weight of the claims clearly favors denying the motion to withdraw the reference from the bankruptcy court.

## B.
## Uniform Administration of Bankruptcy Law

With respect to the uniform administration of bankruptcy law, Defendant Lexington argues that, as the bulk of its claims involve non-bankruptcy issues and involve a prepetition contract, this factor weighs in favor of its motion. However, as stated above, the Court

rejects its argument as to the weight of the claims. The Court further recognizes that the value of the APA and performance under contract are directly implicated in the bankruptcy case. Therefore, the Court finds this factor also weighs against withdrawing the reference.

## C.
## Promoting Judicial Economy

Next, Defendant Lexington argues withdrawing the reference will promote judicial economy because it has demanded a jury trial and does not consent to the bankruptcy court conducting a trial or making final decisions in the case. Thus, Defendant Lexington asserts that having the bankruptcy court preside over pretrial matters will result in duplication of efforts and inefficiency, particularly as the Adversary Proceedings is in the early stages. As support, Defendant Lexington cites *In re Dandridge*, 3:19-mc-00006, 2019 WL 6337420 (W.D. Va. Nov. 26, 2019), in which the district court withdrew a reference early in the proceedings where the defendants declined to consent to a jury trial before the bankruptcy court. In doing so, the district court quoted the Fourth Circuit's recognition "that the timing of the withdrawal is generally a 'pragmatic question of efficient case administration,' rather than 'a strictly legal question.'" 2019 WL 6337420, at *2 (quoting *In re Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128 (4th Cir. 1993) (internal quotation marks and citations omitted in *In re Dandridge*).[5] However, the Fourth Circuit also held in *In re Stansbury Poplar Place, Inc.* that merely because a "bankruptcy court does not have the authority to conduct jury trials," an immediate withdrawal of reference is not required. 13 F.3d at 124, 128. The Fourth Circuit explained that a bankruptcy court does not lose its jurisdiction

---

[5]*Stansbury* was decided prior to a 1994 amendment to 28 U.S.C. § 157, which authorized bankruptcy judges to conduct jury trials in certain situations. Section 157(e) now provides: "If the right to a jury trial applies in a proceeding . . . the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e).

over an entire matter merely because it is not authorized to conduct a jury trial and the district court retains the power to delegate discovery and other pretrial matters to it. *Id*.

Here, Plaintiffs argue that withdrawing the reference actually will undermine judicial economy because they already are engaged in substantial litigation in the bankruptcy court involving many of the same issues. Thus, litigating these issues in both the district and bankruptcy courts will result in redundant judicial proceedings.

Although the Court agrees with Defendant Lexington that the Adversary Proceeding is in the relatively early states,[6] the Court disagrees with Defendant Lexington that it would be more judicially efficient to litigate in two forums rather than one. Either way, there may be some redundancy as Defendant Lexington has not consented to the bankruptcy court holding the trial or entering final orders or judgments. Nevertheless, the Court finds that, on the whole, the more efficient course of action is to delegate the pretrial matters to the bankruptcy court. Therefore, the Court concludes the interests of judicial economy our best served by declining to withdraw the reference.

### D.
### Efficient Use of the Parties' Resources

The same analysis applied to judicial economy is applied to the efficient use of the parties' resources. Relitigating related matters results in greater expenses. As this Court found in *Lattea*, "[w]hile the Court recognizes that the bankruptcy court's resolution of non-core claims is not final—and could therefore lead to further litigation in this Court—this possibility is

---

[6]The same cannot be said of the underlying bankruptcy action. As of November 1, 2020, there have been 2,537 docket entries.

insufficient to render withdrawal a more efficient course of action." 2020 WL 103340, at *5. Here, the Court finds the balance of efficiency weighs in favor the bankruptcy court handling the pretrial matters, despite the potential for additional litigation before this Court.

### E.
### Reduction of Forum Shopping

Defendant Lexington asserts there is no evidence of forum shopping in this case. Plaintiffs agree. Thus, the Court finds this factor is neutral.

### F.
### Preservation of the
### Right to a Jury Trial

Lastly, Defendant Lexington asserts it has the right to a jury trial before the district court. However, allowing the bankruptcy court to handle pretrial matters does not abridge the right to a jury trial. Indeed, as this Court stated in *Lattea*, assuming entitlement to a jury trial, "it is firmly established that bankruptcy courts may conduct pretrial matters without impacting a party's right to an eventual jury trial." *Id*. (citing *In re Stansbury Popular Place, Inc.*, 13 F.3d at 128. Thus, the Court's analysis is not impacted by this factor.

### III.
### CONCLUSION

In sum, upon considering and weighing the above factors, the Court finds the balance plainly falls in favor of denying the withdrawal and Defendant Lexington has failed to meet its burden to show cause. Accordingly, for the aforementioned reasons, the Court **DENIES** the Motion to Withdraw Reference to Bankruptcy Court Pursuant to 28 U.S.C. § 157(d) and (e), F.R.B.P. 5011, and Bank. S.D. W.Va. R. 5011-1." ECF No. 1.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the Honorable Benjamin Kahn, Bankruptcy Judge for the United States Bankruptcy Court for the Middle District of North Carolina, counsel of record, and any unrepresented parties. The Court also **DIRECTS** that the miscellaneous proceeding is dismissed from the docket

ENTER: November 5, 2020

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE